Stanley Goff, Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDISON HILL AND VERONICA HILL**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CITY OF AMERICAN CANYON, et al.**<br><br>**Defendants.** | **Case No. 2:23-CV-00349-KJM-KJN**<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE PLAINTIFFS' COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE: September 1, 2023**<br>**TIME: 10:00 a.m.**<br>**JUDGE: Kimberly Mueller**<br>**COURTROOM: 3; 15th Floor** |

PLEASE TAKE NOTICE that on September 1, 2023 at 10:00 a.m. at 501 I St # 4200, Sacramento, CA 95814, Courtroom 3, 15th Floor, before the Honorable Kimberly Mueller, Plaintiffs move for an order granting leave to amend their complaint to provide clarity to the record and to name American Canyon police officers Olsen, Solis, Schneider, Scott, Morgan, Tong, Williams, Goddard and Winegar as defendants. The motion will be based on this Notice and Motion and Memorandum of Points and Authorities. The proposed amendment to the Plaintiffs' complaint is attached hereto. Plaintiffs' counsel met and conferred with Defendants' counsel to see if she would be willing to stipulate to Plaintiffs amending their complaint and this request was declined. Plaintiffs' counsel then gave Defendants notice that Plaintiffs were going to seek leave to amend the complaint. (Goff Dec ¶ 7)

July 31, 2022                                                    /s/ Stanley Goff_____

                                                                STANLEY GOFF
                                                                Attorney for PLAINTIFFS

## MEMORANDUM OF POINTS AND AUTHORITIES

### Statement of Relevant Facts

This Court granted a protective order in this case on July 5, 2023. (Goff Dec ¶ 2) Plaintiffs' counsel received body camera footage and police reports from the American Canyon Defendants less than a month ago on July 5, 2023. (Goff Dec ¶ 3) and he received initial disclosures from the Defendants naming all the police officers involved in the alleged civil rights violations related to the instant action on July 21, 2023. (Goff Dec ¶ 4) This information combined has now allowed Plaintiffs' counsel to ascertain the exact roles that each officer played in the civil rights violations alleged as well as identifying each officer. (Goff Dec ¶ 5)

Further, this additional information provided has now allowed the Plaintiffs to provide clarity to the facts in this case as it pertains to the Defendants' conduct. (Goff Dec ¶ 6) Prior to filing this instant motion for leave to amend, **Plaintiffs' counsel met and conferred with Defendants' counsel to see if she would be willing to stipulate to Plaintiffs amending their complaint and this request was declined. Plaintiffs' counsel then gave Defendants notice that Plaintiffs were going to seek leave to amend the complaint**. (Goff Dec ¶ 7)

### PLAINTIFF HAS DEMONSTRATED "GOOD CAUSE" WHICH WARRANTS THE MODIFICATION OF THE PRETRIAL SCHEDULING ORDER

When a party seeks to amend a pleading after the deadline in the applicable case management order has passed, the request implicates both Federal Rule of Civil Procedure 15 and 16. Rule 16(b) governs the issuance and modification of pretrial scheduling orders while 15(a)governs amendment of pleadings. Fed. R. Civ. P. 16 (b) and 15(a). The FRCP Rule 16 (b) good –cause standard should be applied first, to modify the scheduling order, then the "when justice so requires" standard of Rule 15(a) is applied. (*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).) Good cause may be demonstrated by a change in

circumstance or newly discovered facts. See (*Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV.S-05-583 LKKGGH, 2006 U.S. Dist. LEXIS 94421, 2006 WL 3733815, at * 5 (E.D. Cal. Dec. 15, 2006).) (allowing amendment under Rule 16 (b) when the amendment was prompted by new evidence obtained through discovery). When a party requests changes to the scheduling order, the Court's inquiry focuses on that party's diligence. See, e.g., (Johnson, 957 F.2d at 609).) The Ninth Circuit precedent states that, "[i]f that party was not diligent, the inquiry should end." *Id.* Prejudice to another party may reinforce the court's decision to deny leave to amend. *Id.*

On occasion, courts have applied a more detailed three-part test: a movant may establish good cause by showing (1) it diligently assisted with creation of the Rule 16 order, (2) circumstances beyond its control and anticipation prevented compliance with the order, and (3) after it became apparent a new schedule was needed, the party promptly sought relief. (*Jackson v. Laureate, Inc*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).)

The Plaintiff Was Diligent Under Rule 16(b)

The primary consideration in evaluating "good cause" under Rule 16(b) for a party's delay in seeking to amend its pleading is whether the party was diligent in attempting to comply with the deadline the Court imposed. *(Johnson*, 975 F.2d at 609).)

Here, in the present case, after the granting of the protective order in this case, Plaintiffs' counsel received body camera footage and police reports from the American Canyon Defendants less than a month ago on July 5, 2023, and he has just received the initial disclosures from the Defendants naming all the police officers involved in the alleged civil rights violations related to the instant action on July 21, 2023. This information combined has now allowed Plaintiffs' counsel to ascertain the exact roles that each officer played in the civil rights violations alleged as well as identifying each officer. Further, this additional information provided has now allowed

the Plaintiffs to provide clarity to the facts in this case as it pertains to the Defendants' conduct.

Allowing parties to amend based on information obtained through discovery is common and well established. (*Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist*., 2006 U.S. Dist. LEXIS 94421, 2006 WL 3733815, *15-16 (E.D. Cal. Dec. 15, 2006).) (collecting cases where court granted leave to amend based on "new information revealed through discovery"). Moreover, discovery of new evidence is often sufficient to satisfy the good cause standard. See (*M.H. v. County of Alameda*, 2012 U.S. Dist. LEXIS 168412, 2012 WL 5835732 (N.D. Cal. Nov. 16, 2012) (Court specifically recognized that a plaintiff has good cause to amend a complaint to add defendants if the identities of those defendants were unknown prior to discovery). Thus, Plaintiffs were diligent.

### *Circumstances Beyond the Plaintiffs' Control and Anticipation Prevented Compliance with The Scheduling Order*

Motions are more often granted when the opposing party's actions caused delay or when the delay is due to an outside intervening cause. (*Hood v. Hartford Life and Acc. Ins. Co*., 567 F. Supp. 2d 1221, 1225-26 (E.D. Cal. 2008).) (granting a motion to modify the scheduling order after a deposition revealed new information and new case law was issued).

Here, there were circumstances beyond the Plaintiffs' control and anticipation which prevented their compliance with the scheduling order. After the Court granted the protective order in this case, Plaintiff's counsel received body camera footage and police reports from the American Canyon Defendants less than a month ago on July 5, 2023, and he received the Defendants initial disclosures, naming all the police officers involved in the alleged civil rights violations related to the instant action two days ago on July 21, 2023. This information combined has now allowed Plaintiff's counsel to ascertain the exact roles that each officer played in the civil rights violations alleged as well as identifying each officer. Further, this additional

information provided has now allowed the Plaintiffs to provide clarity to the facts in this case as it pertains to the Defendants' conduct.

Thus, Plaintiffs receiving body camera footage and police reports from the American Canyon Defendants less than a month ago on July 5, 2023, and receiving the Defendants initial disclosures, naming all the police officers involved in the alleged civil rights violations two days ago on July 21, 2023, created circumstances beyond the Plaintiffs' control and anticipation, which prevented them from seeking leave to amend prior to the scheduling order being issued; preventing compliance with the current scheduling order.

### *After It Became Apparent a New Schedule Was Needed the Plaintiffs Promptly Sought Relief*

If a party anticipates an amendment to the pleadings, it is obliged to alert the Court to the nature of the possible amendment and its probable timing so that the court may structure the schedule of other tasks in the context of the whole litigation. See (*Jackson v. Laureate, Inc*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).)

After this Court granted the protective order in this case, Plaintiffs' counsel received body camera footage and police reports from the American Canyon Defendants less than a month ago on July 5, 2023, and he received the Defendants initial disclosures, naming all the police officers involved in the alleged civil rights violations related to the instant action two days ago on July 21, 2023. This information combined has now allowed Plaintiffs' counsel to ascertain the exact roles that each officer played in the civil rights violations alleged as well as identifying each officer. After receiving these two sets of discovery materials, Plaintiffs are promptly seeking leave to amend with this Court. Therefore, the Plaintiffs have established "good cause" under Rule 16 to seek leave to modify the scheduling order.

**THE PLAINTIFF IS ENTITLED TO LEAVE TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15**

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which states that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." (*Eminence Capital, LLC v. Aspeon, Inc.*,316 F.3d 1048, 1051 (9th Cir. 2003).) See (*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).) (implying leave to amend should be granted in the absence of undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of amendment).

A district court has discretion to deny a motion for leave to amend, but it must provide some justification for doing so. (*Foman,* 371 U.S. at 182).) See also (*Campbell v. Board of Trustees of Leland Stanford Jr. Univ.*, 817 F.2d 499, 506 (9th Cir. 1987).) (noting that an abuse of discretion standard applies with respect to proposed amendments under Rule 15(a)). "In exercising its discretion, a court must be guided by the underlying purpose of Rule 15," which is "to facilitate decision on the merits, rather than on the pleadings or technicalities." (*Eminence Capital*, 316 F.3d at 1051-52).)

In general, "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." (*Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).) Notably, undue delay by itself "is insufficient to justify denying a motion to amend." *(Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).) There must also be either (1) prejudice to the opposing party, (2) bad faith by the moving party, or (3) a finding of futility as to the amendment. id. "Not all of the factors merit equal weight. As this circuit and

others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." (*Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d at 1052.)

### *The Defendants Will Not Be Unduly Prejudiced If Plaintiff Is Granted Leave to Amend*

"'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *(SAES Getters S.p.A. v. Aeronex, Inc* ., 219 F.Supp.2d 1081, 1086 (S.D. Cal., 2002).) (quoting *Morongo Band of Mission Indians v. Rose* , 893 F.2d 1074, 1079 (9th Cir. 1990)). On the other hand, prejudice is mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred. (*DCD Programs Ltd. v. Leighton*, 833 F.2d at 187-188(9th Cir. 1987).)

Here, Defendants will not be unduly prejudiced if the Plaintiffs are allowed to amend the complaint. No pretrial conference has taken place, and no depositions or written discovery has been conducted. Thus, any prejudice that Defendants could possibly alleged would be created if Plaintiffs amend their complaint is clearly mitigated. (*DCD Programs Ltd. v. Leighton*, 833 F.2d at 187-188).) Thus, this factor weighs in favor of the Plaintiffs.

### *Plaintiffs Did Not Act in Bad Faith*

A motion for leave to amend is filed in bad faith when there is "evidence in the record which would indicate a wrongful motive." (*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 197 (9th Cir. 1987).) In *Sorosky v. Burroughs Corp*., 826 F.2d 794 (9th Cir. 1987), the Ninth Circuit affirmed the district court's finding that the plaintiff was acting in bad faith by seeking to add a defendant "to destroy diversity and to destroy the jurisdiction of that court. (Id. at 805).) Also see See (*Griggs v. Pace Am. Grp*., 170 F.3d 877, 881 (9th Cir. 1999).) (finding bad faith exists where the plaintiff "merely is seeking to prolong the litigation by adding new but baseless legal

theories")

Here, there is nothing in the record to indicate a wrongful motive; to the contrary, Plaintiffs' proposed amendment is based on facts recently discovered by Plaintiffs after their attorney received body camera footage and police reports from the American Canyon Defendants less than a month ago on July 5, 2023, and received the Defendants initial disclosures, naming all the police officers involved in the alleged civil rights violations related to the instant action two days ago on July 21, 2023.

Therefore, there is no indication that Plaintiffs' motion to amend has been brought in bad faith. Rather, Plaintiffs' stated purpose is to simply make the record clear as possible as to what occurred between the Plaintiffs and the Defendants and to name American Canyon police officers Olsen, Solis, Schneider, Scott, Morgan, Tong, Williams, Goddard and Winegar as defendants. Because there is no evidence of bad faith found within the record, and because Defendants will not be able to provide any evidence of bad faith, this factor weighs in favor of Plaintiffs' motion for leave to amend.

### *The Plaintiffs' Failure to Seek Leave to Amend the Complaint Does Not Amount to Undue Delay*

The Ninth Circuit has held that "[t]he purpose of the litigation process is to vindicate meritorious claims." (*Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).) Consequently, [r]efusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy. *Id.* See (*Howey v. United States*, 481 F.2d at 1190-91 (reversing a district court's decision to deny leave to amend based solely on an unjustified delay of five years, noting "we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend."); (*Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily,

leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party.")

After the Court granted the protective order in this case, Plaintiffs' counsel received body camera footage and police reports from the American Canyon Defendants less than a month ago on July 5, 2023, and he received the Defendants initial disclosures, naming all the police officers involved in the alleged civil rights violations related to the instant action two days ago on July 21, 2023. Plaintiffs are now seeking leave to amend with this Court less than a month after receiving these discovery materials provided by American Canyon. Thus, there is no undue delay on the Plaintiffs' part regarding seeking leave to amend. Furthermore, "Undue delay by itself, is insufficient to justify denying a motion to amend." (*Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999).) Thus, this factor weighs in favor of the Plaintiffs.

### *The Proposed Amended Complaint Is Not Futile*

"Leave to amend need not be given" under Rule 15 if it would be futile to do so, such as "if a complaint, as amended, is subject to dismissal." (*Moore v. Kayport Package Exp., Inc*., 885 F.2d 531, 538 (9th Cir. 1989). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." (*Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988).)

Here, the proposed amended complaint is not futile because the proposed amended complaint presents viable (cognizable) claims and naming the Defendant officers involved in the Plaintiffs' civil rights violations. Thus, Plaintiffs have demonstrated both "causation in-fact and proximate cause" (*Avalos v. Baca*, 596 F. 3d 583, 587 (9th Cir. 2010).); (*Harper v. City of L.A.,* 533 F. 3d 1010, 1026 (9th Cir. 2008).) regarding each claim pertaining to named officers in the proposed amended complaint. Thus, if these alleged facts can be proven, then these facts

constitute valid and sufficient claims. (*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).) Thus, this factor weighs in favor of the Plaintiffs.

## **CONCLUSION**

Therefore, the Plaintiffs' motion for leave to amend should be granted.

July 31, 2022

/s/ *Stanley Goff*_____

STANLEY GOFF
Attorney for PLAINTIFFS